IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORENZO DWAYNE JONES, | § | |
| HARRIS COUNTY JAIL NO. 00406866, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-13-3673 |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Lorenzo Dwayne Jones (Harris County Jail No. 00406866) is an inmate incarcerated in the Harris County Jail in Texas. He states that he is scheduled to be transferred to the Department of Criminal Justice – Correctional Institutions Division (TDCJ) pursuant to a state court judgment. Jones has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the state court conviction while an appeal, challenging the same conviction, is currently pending. For reasons explained more fully below, this action will be dismissed for failure to exhaust state court remedies.

## I. Procedural History

Jones states that he was tried by a jury in the 184th District Court in Harris County, Texas. He further states that the jury

found him guilty of retaliation and that he was sentenced to four years in TDCJ.[1]   Jones appealed the district court's judgment. Jones does not provide the outcome of the appeal because he states that he has "not received a decision yet."   (Docket Entry No. 1, p. 3)

## II.  **Analysis**

Under 28 U.S.C. § 2254(b), a habeas petitioner must exhaust available state remedies before seeking relief in federal court. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). See also Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief."), citing Orman v. Cain, 228 F.3d 616, 619-20 (5th Cir. 2000).   To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state.   Nobles, at 420, citing Picard v. Connor, 92 S. Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).   This exhaustion requirement is based on the precept of comity.   Coleman v. Thompson, 111 S. Ct. 2546, 2555 (1991).   Federal courts follow this principle to afford the state courts the first opportunity "to

---

[1]Jones states in his petition that the docket numbers are "unknown" to him.   (Docket Entry No. 1, p. 2)  He also fails to provide any cause number for his appeal.  Id. at 3.

address and correct alleged violations of state prisoner's federal rights." Id. Therefore, a habeas petitioner must pursue his state court remedies before presenting his constitutional claims in a federal petition. See Rhines v. Weber, 128 S. Ct. 1528, 1533 (2005).

This court attempted to verify Jones' statements regarding his conviction and appeal but was unable to locate any records that relate to or support his claims.[2] Nevertheless, Jones states that he has "not received a decision yet" indicating that the purported appeal is still pending in a Texas court. Moreover, there is no indication that the matter has been considered by the highest court, the Texas Court of Criminal Appeals.

This court should not adjudicate a federal writ application while habeas claims are under review by the state courts. See Deters v. Collins, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."); see also Williams v. Bailey, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids"). Jones must wait until

---

[2]The court investigated the web sites of the Court of Appeals for the First and Fourteenth Districts of Texas as well as the Texas Court of Criminal Appeals. The court also researched the Westlaw web site and found no cases with Jones as a defendant or party.

the state courts issue a decision.   He cannot be allowed to circumvent the state system and seek relief in federal court without allowing the state courts an opportunity to rule on his claims.   See Graham v. Collins, 94 F.3d 958, 969 (5th Cir. 1996); Deters, 985 F.2d at 792-794.   See also Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."); Bryant v. Bailey, 464 F.2d 560, 561 (5th Cir. 1972).   If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition.   Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Should Jones file a notice of appeal, the court denies the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order.  28 U.S.C. § 2253; Whitehead, 157 F.3d at 386; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

### III.   Conclusion

1.   The Application to Proceed Without Prepayment of Fees (Docket Entry No. 2) is **GRANTED**.

-4-

2.     The petitioner's "Appeal Motion" (Docket Entry
       No. 4) is **DENIED**.

3.     Jones' Petition for a Writ of Habeas Corpus By a
       Person in State Custody (Docket Entry No. 1) is
       **DISMISSED WITHOUT PREJUDICE** for his failure to
       exhaust state court remedies.

4.     A Certificate of Appealability is **DENIED**.

5.     The Clerk will provide a copy of this Memorandum
       Opinion and Order to the petitioner and will
       provide a copy of the petition and this Memorandum
       to the respondent and the attorney general by
       providing one copy to the Attorney General of the
       State of Texas.

**SIGNED** at Houston, Texas, on this 20th day of December, 2013.

                                    SIM LAKE
                        UNITED STATES DISTRICT JUDGE

-5-